UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---

In re:  

Paula E. Persechino,

    Debtor.

Chapter 7
Case No. 09-50176

---

Crestwood James, LLC,

    Plaintiff,

v.

Paula E. Persechino,

    Defendant.

Adv. Pro. No. 09-5012

---

*Appearances*:

| | | |
|---|---|---|
| Marjorie R. Gruszkiewicz, Esq. | : | Attorney for Plaintiff |
| Law Offices of Ronald I. Chorches, LLC | : | |
| 433 Silas Deane Highway, 2nd Floor | : | |
| Whethersfield, CT | : | |
| | | |
| Mark D. Malley, Esq. | : | Attorney for Defendant |
| Seabourne & Malley | : | |
| 30 Main Street, P.O. Box 487 | : | |
| Thomaston, CT | : | |

**MEMORANDUM AND ORDER ON COMPLAINT
TO DETERMINE DISCHARGEABILITY OF DEBT**

Alan H. W. Shiff, United States Bankruptcy Judge:

On February 2, 2009, defendant Paula E. Persechino commenced this chapter 7 case. On March 20, 2009, plaintiff Crestwood James, LLC, commenced this adversary proceeding for a determination that a judgment debt owed to it by the debtor/defendant should be deemed nondischargeable under 11 U. S. C § 523(a)(6). The plaintiff is an assignee of a judgment debt which entered in the in the Superior Court of the State of Connecticut for the Judicial District of Lichfield on September 17, 2007 (hereinafter, "Judgment").[1]

The parties agree that the Judgment was premised on a dog bite injury sustained by the plaintiff's assignor under the strict liability mandate of Connecticut General Statute Section 22-357 (hereinafter, the "dog bite statute").[2] They disagree as to whether, as the plaintiff claims, the Judgment *per se* satisfies the requisites for a determination of nondischargeability under § 523(a)(6). That issue is at the core of this controversy.

---

[1] The defendant testified in this proceeding that she did not attend the state court trial because she lacked transportation to get to the state court, and the plaintiff conceded that its Judgment was the result of the defendant's default.

[2] The plaintiff's state court complaint asserts that the defendant's dog was a "pit bull". Pl.'s Ex. A, at ¶ 4 (state court complaint). The defendant's state court answer was not offered into evidence. In this court, plaintiff's adversary complaint states, the Judgment "arises from a vicious pit bull attack". Compl. ¶ 9. The defendant denies this allegation, *see* Answer at ¶ 9 and, instead offered evidence that the dog is a mixed breed, *see* Def.'s Ex. 1. The defendant also offered unchallenged testimony in this court that prior to the subject incident, the dog was not vicious and had never attacked anyone. The court notes that the breed and personality of the dog is irrelevant in the context of Connecticut's dog bite statute.

DISCUSSION[3]

In relevant part,0 § 523(a) provides:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity . . .

The plaintiff in a § 523(a)(6) action has the burden of establishing the elements of the claim by a preponderance of the evidence. *See* Fed. R. Bankr. P. 4005 ("At the trial on a complaint objecting to a discharge, the plaintiff has the burden of proving the objection."); *Grogan v. Garner*, 498 U.S. 279, 285 (1991)*; Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006); *In re Busch*, 311 B.R. 657, 665 (Bankr. N.D.N,.Y. 2004) (citing *Grogan*, 498 U.S. at 285). To except a debt from discharge pursuant to subsection (a)(6), a creditor must establish both that the injury was "willful" and "malicious". *See Ball*, 451 F.3d at 69; *see also In re Busch*, 311 B.R. at 665 ("The terms 'willful' and 'malicious' are separate elements, and *both elements must be satisfied*.") (quoting *In re Krautheimer*, 241 B.R. 330, 334 (Bankr. S.D.N.Y. 1999) (further citations omitted) (emphasis added)).

> [T]he word "willful" indicates "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S. Ct.

---

[3] The evidence in this proceeding consists of:
(1) three stipulated exhibits, offered by the plaintiff:
  a. the underlying state court summons and complaint (Pl.'s Ex. A);
  b. the assignment of the state court judgment (Pl.'s Ex. B); and
  c. the state court "Case Disposition Record" (Pl.'s Ex. C);
(2) the defendant's exhibit, unopposed by plaintiff, which is a dog license "Renewal Notice" (Def.'s Ex.1); and
(3) the defendant's testimony.

> 974, 140 L. Ed.2d 90 (1998). The injury caused by the debtor must also be malicious, meaning "wrongful and without just cause or excuse, even in the absence or personal hatred, spite, or ill-will." *In re Stelluti*, 94 F.3d 84, 87 (2d Cir. 1996). Malice may be implied "by the acts and conduct of the debtor in the context of [the] surrounding circumstances." *Id.* at 88 (alteration in original, internal quotation marks omitted).

*Ball*, 451 F.3d at 69. Further, it is widely understood that the discharge exceptions should be narrowly construed so as to fulfill bankruptcy's goal of giving the debtor a fresh start. *See, e.g., In re Bonnanzio*, 91 F.3d 296, 300 (2d Cir. 1996) (internal citations omitted); *In re Busch*, 311 B.R. at 665 (citing COLLIER ON BANKRUPTCY ¶ 523.05 at 523-30 (15th ed. Rev. 2003)).

The Connecticut dog bite statute imposes strict liability. Its purpose is "'to abrogate the common-law doctrine of *scienter* as applied to damages by dogs to persons and property, so that liability of the owner or keeper [does not depend] upon his knowledge of the dog's ferocity or mischievous propensity . . ." *Murphy v. Buonato*, 679 A.2d 411, 417 (1996) (quoting *Grannis v. Weber*, 107 Conn. 622, 625 (1928)). The statute provides:

> If any dog does any damage to either the body or property of any person, the owner or keeper, or, if the owner or keeper is a minor, the parent or guardian of such minor, shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog.

Conn. Gen. Stat. § 22-357 (2001). Thus, to establish liability under the dog bite statue, a plaintiff need only establish that a defendant was the owner or keeper of the dog that

caused the injury and that the plaintiff was not within any of the exceptions of the statute (*e.g.*, was a trespasser or was teasing the dog).  See *Donahue v. Pease*, 5 Conn. Supp. 426, 1938 WL 1144, *1 (1938).

The state court complaint did not allege, and the corresponding Judgment was not premised upon, a "willful and malicious injury by the [defendant] to [the plaintiff]". Rather, as noted, the plaintiff alleged "severe personal injuries and losses" caused by "the conduct of the defendant's pit bull" and sought damages based on strict liability imposed by Connecticut's dog bite statute.  See Pl.'s Ex. A (state court complaint). Nonetheless, the plaintiff argues here that the mere violation of Connecticut's dog bite statute is tantamount to a § 523(a)(6) exception to discharge.

At the January 6, 2010 trial, the plaintiff presented no witnesses and entered three stipulated exhibits.  See, *supra*, note 3.  It argued that it was entitled to a determination that the subject debt should not be discharged by the mere entry of the Judgment.  In other words, the Plaintiff would have this court accept its argument that litigation of the issues of willfulness and maliciousness, determinations of which are necessary to determine whether the resulting Judgment is excepted from discharge pursuant to § 523(a)(6), is collaterally estopped by virtue of the state court Judgment.[4] That argument is futile.

One who invokes the application of collateral estoppel bears the burden of "'proving all the requisites for its application.'"  *In re Busch*, 311 B.R. at 666 (quoting

---

[4] The plaintiff made the same argument in its summary judgment motion, which the defendant opposed.  In a bench ruling, the court denied the motion since it was not convinced plaintiff was entitled to judgment as a matter of law.  This trial followed.

HON. BARRY RUSSELL, BANKRUPTCY EVIDENCE MANUAL § 30, at 200 (2004)).  This burden is met when a party introduces "'a record sufficient to reveal the controlling facts and pinpoint[s] the exact issues litigated in the prior action.'"  *Id.* (quoting RUSSELL, *supra*, § 30, at 200).

> Collateral estoppel, or issue preclusion, applies where: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits."

*Uzdavines v. Weeks Marine, Inc.*, 418 F.3d 138, 146 (2d Cir. 2005) (citing *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998) (further citation omitted)).

The evidence presented here shows that the sole issue raised in the state court litigation was whether the defendant was liable under Connecticut's dog bite statute for the conduct of her dog.  *See* Pl.'s Ex. A.  The plaintiff concedes that point.  Indeed, the State's statute makes no reference to willfulness or maliciousness as elements to be plead or proven in establishing strict liability.  Rather, the State's purpose in instituting a strict liability dog bite statute was to remove *scienter*, *i.e., the* "degree of knowledge that makes a person legally responsible for the consequences of his or her act or omission."  BLACK'S LAW DICTIONARY 1463 (9th ed. 2009).  Thus, neither knowledge, intent, willfulness nor maliciousness factored into the Judgment.  *See, e.g., Fellows v. Cole*, 239 A.2d 56, 58 4 Conn. Cir. Ct. 677, 680 (1967) ("[A] person who owns a dog does so at his peril.").  Accordingly, there is no identity of issues with this § 523(a)(6) action, making the plaintiff's reliance on collateral estoppel unavailing.

Apart from a failure to demonstrate an identity of issues, the plaintiff's reliance on collateral estoppel also fails on the second overlapping prong, *i.e.*, that the underlying issues of willful and malicious conduct, on which a § 523(a)(6) action is premised, was actually litigated.  Under Connecticut law,[5] "[f]or an issue to be subject to collateral estoppel, it must have been *fully and fairly litigated* in the first action."  *Willard v. Travelers Ins. Co.*, 721 A.2d 894, 247 Conn. 331 (1998) (citing *Virgo v. Lyons*, 551 A.2d 1243, 209 Conn. 497, 501 (1988)) (emphasis in *Willard*).  Further, the issue "'also must have been actually decided and the decision must have been necessary to the judgment.'"  *Virgo*, 551 A.2d at 1245, 209 Conn. at 501 (quoting *Gionfriddo v. Gartenhaus Café*, 546 A.2d 284, 290, 15 Conn. App. 392, 402 (1988)).  As noted, it is clear that the issues of willfulness and maliciousness were not raised in plaintiff's state court complaint.  *See* Pl.'s Ex. A.  Nor is there any basis in the record here for a finding that those issues were actually litigated in the state court action (*e.g.*, a copy of the state court trial transcript).  Rather, there is merely the state court's "Case Disposition Record", showing a judgment in favor of the state court plaintiff and against the defendant in the amount of $28,583.56.  *See* Pl.'s Ex. C.  That absence in the record is understandable since the state court action was premised solely on Connecticut's dog

---

[5] "'Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so . . .'"  *Kelleran v. Andrijevic*, 825 F.2d 692, 694 (2d Cir. 1987) (quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980)).  "The Connecticut Supreme Court has determined that a default judgment may have the preclusive effect of collateral estoppel only if there has been a 'a full and fair opportunity to litigate issues and such issues were necessary to a default judgment.'"  *In re Swirsky*, 372 B.R. 551, 562 (Bankr. D. Conn. 2006) (quoting *Jackson v. R.G. Whipple, Inc.*, 627 A.2d 374, 378, 225 Conn. 705, 718 (1993)).

bite statute, which does not necessitate a determination of either willfulness or maliciousness.

## CONCLUSION

The plaintiff has not established that willfulness and maliciousness are imputed in Connecticut's dog bite statute. It cannot rely on the Judgment under the doctrine of collateral estoppel. Further, it has failed to present any evidence of defendant's willfulness or maliciousness. Accordingly, the Judgment debt is not excepted from discharged under § 523, and judgment shall enter in favor of the defendant.

**SO ORDERED** this 20th day of January 2010 at Bridgeport, Connecticut.

*Alan H. W. Shiff*
Alan H. W. Shiff
United States Bankruptcy Judge